## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **WILLIE E. SHEFFIELD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 12-0230-WS-M** |
| | ) | |
| **KEITH FRAZIER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on the notice of removal filed by Sidney Lewis. (Doc. 1).  According to Lewis, he has been sued by the plaintiff in the Circuit Court of Wilcox County but has not been served with the summons or complaint.  Although the plaintiff knows his residence address, he recently obtained an order for service by publication based on what Lewis believes to be a false affidavit.

Lewis removed on the basis of diversity of citizenship and federal question.  (Doc. 1 at 2 & Attachment 1).  He did not attach to his notice of removal a copy of the complaint, as required by 28 U.S.C. § 1446(a), because he says he has never received it. Whether or not his removal before receiving the complaint constitutes a procedural defect which would support remand on timely motion,[1] his failure to submit the complaint precludes him from carrying his burden of establishing the existence of federal jurisdiction.  "A removing defendant bears the burden of proving proper federal jurisdiction."  *Adventure Outdoors, Inc. v. Blomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (internal quotes omitted).  "[T]o meet their burden, the defendants must show that

---

[1] Removal is to be accomplished "within 30 days after receipt" of the complaint.  28 U.S.C. § 1446(b).

the plaintiff's complaint … provides an adequate basis for the exercise of federal jurisdiction." *Id*. at 1295.  Without the complaint, Lewis cannot possibly carry his burden.[2]

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010); *accord Smith v. GTE Corp*., 236 F.3d 1292, 1299 (11th Cir. 2001). Furthermore, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (internal quotes omitted).  By statute, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

For the reasons set forth above, this action is **remanded** to the Circuit Court of Wilcox County.

DONE and ORDERED this 5th day of April, 2012.

s/WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] It does not appear he could do so even had he submitted the complaint.  With narrow exceptions obviously not in play here, in order to support jurisdiction based on the existence of a federal question under 28 U.S.C. § 1331, the federal question must appear on the face of the complaint.  *E.g., Community State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011).  The plaintiff describes the lawsuit as one for "civil division of estate property," (Doc. 1 at 2), and such an action would not be one "arising under" federal law for purposes of Section 1331.  Lewis cites generally to various provisions of the Internal Revenue Code concerning estate taxes but, whatever the relevance of these provisions to the lawsuit, it does not arise under them.

In order to support jurisdiction based on diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  The only evidence of the amount in controversy is the plaintiff's offer to purchase Lewis's interest in the property for $2,000.  (Doc. 1 at 9).  Moreover, "the citizenship of every plaintiff must be diverse from the citizenship of every defendant."  *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005).  Lewis asserts he is a citizen of Ohio and the plaintiff a citizen of Alabama, (Doc. 1 at 2), but he fails to address the citizenship of the many other defendants.  If even one of them is a citizen of Alabama, diversity jurisdiction could not lie.

[2]